IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, #Y53580, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 25-cv-01344-SMY |
| ) | |
| PERCY MYERS, LATOYA HUGHES, ) | |
| DEEDEE BROOKHART, ) | |
| JEREMIAH BROWN, CARISSA LUKING, ) | |
| NURSE THOMAS, LPN WELTY, ) | |
| LORIE CUNNINGHAM, GLEN BABICH, ) | |
| ILLINOIS DEPT. OF CORRECTIONS, ) | |
| LAWRENCE CORRECTIONAL CENTER, ) | |
| and WEXFORD HEALTH SOURCES, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Matthew James Griffin, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant Complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. (Doc. 1). Plaintiff seeks monetary and injunctive relief for the alleged denial of medical care and accommodations for his chronic bilateral shoulder dysfunction at Lawrence Correctional Center. *Id*. The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires screening of prisoner complaints and dismissal of portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-54): Plaintiff is

1

diagnosed with bilateral shoulder dysfunction. Plaintiff also has a serious visual impairment: large angle alternating exotropia, which causes double vision, nystagmus, uncontrolled eye movement, and loss of depth perception, as diagnosed by doctors in North Carolina, New Mexico, and Illinois. *Id*. at 6-8.  Both conditions qualify him for accommodation under the ADA and RA.[1]

Plaintiff transferred into IDOC custody from the State of New Mexico in 2022, under an interstate corrections compact with the New Mexico prison system.  *Id*. at 6.  At all relevant times, Wexford Health Sources was the contracted health provider for the New Mexico corrections system and IDOC.  Pursuant to this contract, Wexford provided medical staff and care to inmates in New Mexico and Illinois facilities.  *Id*. at 13.  When Plaintiff transferred into Stateville Northern Reception Center, Wexford employees quickly confirmed his handicapped status and placed him in an ADA cell on August 26, 2022.  *Id*. at 9-10.  Wexford also granted his request for accommodations for his shoulder dysfunction that included "handcuff/medical restraints in front due to shoulder injury. Expiration: indefinite."  *Id*.  Plaintiff transferred to Lawrence Correctional Center on September 16, 2022.  *Id*. at 10.  He was placed in an ADA cell in administrative detention and has remained there ever since.  *Id*. at 10-11.

Dr. Percy Myers examined Plaintiff on September 24, 2022.  Dr. Meyers reviewed documentation supporting Plaintiff's request for various accommodations, including front restraints.  Dr. Myers issued Plaintiff a permit for a waist chain restraint, left eye patch, orthotic shoes, magnification card, digital audio book player in his cell, right knee sleeve, low bunk, and low gallery housing.  *Id*. at 11.

Dr. Myers met with Plaintiff again on October 29, 2022 and ordered physical therapy.  *Id*. at 12.  Plaintiff attended physical therapy on November 16, December 1, and December 7, 2022.

---

[1] In this case, Plaintiff focuses on his shoulder dysfunction, a condition that results in physical injury and shoulder dislocation when he is cuffed or restrained behind his back.  *Id*. at 13.

In January 2023, Warden DeeDee Brookhart and Assistant Warden Jeremiah Brown announced that waist chain permits from 2022 were no longer valid. *Id*. at 14. They cited a new administrative directive, which was revised to state: "Prior to any movement of the individual in custody from area to area within the Administrative Detention Unit, the individual in custody shall be handcuffed from behind." *Id*. at 19-20. The previous version stated: "Prior to any movement of the individual in custody from area to area within the Administrative Detention Unit, the individual in custody shall be handcuffed from behind **unless medically contradicted**." *Id*. (emphasis added). Soon thereafter, a nurse practitioner cancelled Plaintiff's permit for front restraints for "non-medical reasons." *Id*. at 15.

Plaintiff re-applied for ADA accommodations in writing on January 31, 2023, seeking reinstatement of a permit for "front restraints only, no handcuffing behind the back, cuff in front or on side with waist chains." *Id*. He gave the request to IDOC Director Hughes, Warden Brookhart, Assistant Warden Brown, ADA Coordinator/Health Care Unit Administrator (HCUA) Cunningham, Wexford Regional Director Babich, and Dr. Myers. Warden Brookhart denied the request on April 15, 2023, and IDOC Director Hughes denied it on July 2, 2023. No one else responded. *Id*.

Plaintiff subsequently spoke or wrote to various defendants seeking reinstatement of his permit for front restraints. He spoke separately to Brookhart, Brown, and Cunningham on February 9, 2023. *Id*. at 16. Brookhart explained that she did not approve of Dr. Myers's decision to issue a permit and cancelled it. *Id*.

Plaintiff suffered from a dislocated shoulder after being cuffed or restrained behind his back on February 10, 2023, March 3, 2023, and March 17, 2023. *Id*. at 17-24. Each time, he had to "self-reduce" the injury before he was placed in front restraints and taken for treatment. On

3

February 11, 2023, Dr. Myers met with him after the first incident but refused to reinstate the permit that was cancelled by his subordinate because "security overrides any medical and ADA concern." *Id*. at 16-17.  He entered a note in his chart, stating "No permit for handcuffing." *Id*.

On February 23, 2023, Nurse Thomas refused to examine Plaintiff's right shoulder complaints.  The nurse told Plaintiff that no ADA accommodation would be made, and "a decision has been made to not follow the recommendations of the orthopedic specialist." *Id*. at 18.  Two days later, Warden Brookhart reminded Plaintiff that she and ADA Coordinator Cunningham were under no obligation to provide him with the accommodation he requested.  On March 17, 2023, Nurse Luking said "nothing could be done" about Plaintiff's shoulder and cited the new administrative directive.  *Id*.  On March 22, 2023, Nurse Welty cited the same directive when refusing any accommodation for Plaintiff's shoulder dysfunction, referral to a nurse practitioner, or referral to a specialist.  *Id*. at 20-21.

Plaintiff was denied reasonable accommodation for his serious shoulder dysfunction at Lawrence from January through March 22, 2023.  In addition to the denial of ADA accommodations, Defendants failed to provide Plaintiff with necessary medical care that included examination of his shoulder injuries, referral to a specialist, physical therapy, or other treatment.  Wexford had a custom or policy of failing to meet its contracted obligation to provide inmate medical care and reasonable disability accommodations in order to save on costs.  *Id*. at 24.

## Discussion

The Court designates the following claims consistent with Plaintiff's designation of the claims in his Complaint:

> Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Myers, Luking, Thomas, Welty, Cunningham, Babich, Hughes, Brookhart, and Brown for their inadequate treatment of Plaintiff's shoulder dysfunction at Lawrence from January through March 2023.

> Count 2: ADA and/or RA claim against the IDOC, Lawrence Correctional Center, Wexford Health Sources, Myers, Hughes, Brookhart, Brown, Luking, Thomas, Welty, Babich, and Cunningham for denying Plaintiff reasonable accommodation, including a waist chain restraint, for his disabilities stemming from bilateral shoulder dysfunction at Lawrence from January 2023 through March 22, 2023.
>
> Count 3: Eighth Amendment claim against Wexford Health Sources for maintaining a custom, policy, or practice of denying adequate medical care and reasonable ADA accommodations to prisoners, including Plaintiff from January 2023 through March 2023.
>
> Count 4: Breach of contract claim against Wexford Health Sources for failing to provide adequate medical care and ADA accommodations to Plaintiff as a third-party beneficiary.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

The Eleventh Amendment bars lawsuits against states for money damages in federal courts. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Illinois Department of Corrections is a state government agency and is not considered a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Similarly, Lawrence Correctional Center is a division of the IDOC and is not a "person" subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Thus, Lawrence Correctional Center and all § 1983 claims against the IDOC will be dismissed. However, as explained below, IDOC will remain a defendant for the ADA/RA claims.

### Count 1

To state an Eighth Amendment claim for the denial of medical care, a plaintiff must plead

facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) each defendant acted with deliberate indifference to his medical needs.  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  An objectively serious condition is one that has been diagnosed by a physician as needing treatment, one that would be obvious to a lay person, or one that significantly affects an individual's daily activities due to chronic or substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  Plaintiff has articulated a viable claim for deliberate indifference to his bilateral shoulder dysfunction against Defendants Myers, Luking, Thomas, Welty, Cunningham, Babich, Hughes, Brookhart, and Brown.

**Count 2**

Plaintiff's allegations also state a claim under the ADA and/or RA against the relevant state department or agency, *i.e.*, the IDOC.  *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670, n.2 (7th Cir. 2012) (individual capacity claims are not available; the proper defendant is the agency or its director in his/her official capacity).  Therefore, Count 2 will proceed against the IDOC and will be dismissed against all other defendants.

**Count 3**

Wexford is a private corporation responsible for providing medical staff and inmate medical care at Lawrence.  However, Wexford cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983.  *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).  Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation.

Here, Plaintiff alleges Wexford maintained a custom, policy, or practice of denying medical care and ADA accommodations to save on costs, and he suffered serious injuries and pain as a result. The Complaint thus states a viable claim against Wexford Health Sources.

### Count 4

Plaintiff's contract claim, based on his status as a third-party beneficiary of the contract between the IDOC and Wexford, fails because a contract claim does not amount to a constitutional violation. *See Taake v. Cnty. of Monroe*, 530 F.3d 538, 542-43 (7th Cir. 2008) (citation omitted). As such, this claim will be dismissed.

### Injunctive Relief

The Warden of Lawrence Correctional Center (currently Jeremiah Brown) is named as a defendant in an individual capacity. This defendant will also be named in an official capacity for purposes of carrying out any injunctive relief ordered in this case.[2] *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief is implemented).

### Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A as follows:

- **COUNT 1** will proceed against Defendants Myers, Luking, Thomas, Welty, Cunningham, Babich, Hughes, Brookhart, and Brown.

- **COUNT 2** will proceed against Defendant Illinois Department of Corrections.

- **COUNT 3** will proceed against Defendant Wexford Health Sources.

- **ALL OTHER CLAIMS** (including **COUNT 4**) against **ALL OTHER DEFENDANTS** are **DISMISSSED without prejudice**.

---

[2] Plaintiff does not seek a temporary restraining order or preliminary injunction under FED. R. CIV. P. 65. The Court therefore construes his request as one for injunctive relief *at the close of the case*.

- The **WARDEN OF LAWRENCE CORRECTIONAL CENTER** (currently Jeremiah Brown) is **ADDED** in an official capacity to implement any injunctive relief ordered herein.

The Clerk of Court shall prepare for Defendants **PERCY MYERS, LATOYA HUGHES, DEEDEE BROOKHART, CARISSA LUKING, NURSE THOMAS, LPN WELTY, LORIE CUNNINGHAM, GLEN BABICH, ILLINOIS DEPTARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES,** and **JEREMIAH BROWN (individual and official capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE LAWRENCE CORRECTIONAL CENTER as a defendant in CM/ECF and ENTER the Court's standard HIPAA-Qualified Protective Order.**

**IT IS SO ORDERED.**

**DATED:  February 2, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.